816 F.2d 681
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lawrence Edward MCKINNEY, Petitioner-Appellant,
v.
James ROSE, Warden, Respondent-Appellee.
 No. 85-6099.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1987.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Petitioner appeals the order entered by the Honorable Julia Smith Gibbons, United States District Judge for the Western District of Tennessee, dismissing his petition for habeas corpus relief. Petitioner contends that his trial counsel improperly prevented him from testifying on his own behalf, in violation of his right to testify and his Sixth Amendment right to effective counsel. Petitioner maintains his testimony would have presented an alibi defense to the rape and first-degree burglary charges for which he was convicted and sentenced to one hundred years imprisonment.[1] Because we find nothing improper about the circumstances surrounding petitioner's waiver of his right to testify at trial, we AFFIRM the order of the district court.
 
 
 2
 Petitioner and a co-defendant were charged with rape and burglary in the first degree. Petitioner was appointed counsel from the Shelby County, Tennessee, Public Defender's Office. At trial, petitioner entered a plea of not guilty and rested his entire defense on the alibi that at the time of the criminal acts in question, he and the co-defendant were at the home of the co-defendant's father. The co-defendant did not testify. On the advice of counsel, neither did petitioner. Rather, his alibi was introduced as part of the state's case-in-chief when the state presented petitioner's post-arrest statement. The statement contained, inter alia, the alibi on which petitioner based his defense.
 
 
 3
 Petitioner now claims that during trial he had strongly desired to testify but that each time that desire was expressed, counsel for petitioner successfully prevented him from taking the stand, thus making the waiver of his right to testify neither voluntary nor knowing.[2] Petitioner claims further that the state trial court committed error sufficient for habeas corpus relief when it failed to inquire whether petitioner's waiver was done knowingly and voluntarily.
 
 
 4
 Our careful review of both the state court and federal court record leads us to conclude otherwise. During the trial, defense counsel and the trial court judge discussed in open court whether the defendants would testify. Moreover, defense counsel continued the discussion with petitioner and his co-defendant, again in open court. Petitioner thus had ample opportunity to appeal directly to the court, either verbally or by note, if he felt his attorney was impeding his right to take the stand. The record does not reflect any such action by the petitioner.
 
 
 5
 Furthermore, the trial court judge was able to observe directly the discussion between petitioner and his counsel. In the absence of any other evidence in the record that petitioner's refusal to testify was coerced, this court must give the trial court judge's silence on the nature of the waiver conclusive effect. Finally, petitioner's argument that a trial judge has an affirmative duty to inquire into the validity of a defendant's waiver of the right to testify is without authority and not persuasive on the facts of this case. We therefore decline to extend habeas corpus relief on this ground.
 
 
 6
 Petitioner's additional claim, closely related to the first, is that his counsel's alleged efforts to preclude his right to testify violated the Sixth Amendment right to effective counsel. Aside from the record which, in our view, does not support the coercive aspects alleged by petitioner, we note that petitioner's counsel may have served him well in urging him not to testify. Petitioner apparently had a speech impediment sufficiently severe for an observing magistrate to find that "it is likely [petitioner] would not create a particularly good impression on the ... stand or be able to hold up under rigorous cross-examination". Petitioner also had a prior criminal record which included three convictions (two for auto theft and one for three counts of burglary).
 
 
 7
 In Strickland v. Washington, 466 U.S. 668, the Supreme Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential". 466 U.S. at 689. "Because of the difficulties inherent in [that scrutiny], a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance". Id. The commands of Strickland, in conjunction with what are obvious tactical difficulties in petitioner taking the stand, compel us to find that the conduct of petitioner's trial counsel fell within that "wide range".
 
 
 8
 Accordingly, after careful scrutiny of the record, the briefs and the arguments presented at oral argument, we AFFIRM the district court order dismissing petitioner's claim for habeas corpus relief.
 
 
 
 [1]
 In addition, petitioner claims he was denied his Sixth Amendment right to effective assistance of counsel because a co-defendant was represented by an attorney from the same Public Defender's office as counsel for petitioner. We find this claim without merit
 
 
 [2]
 Petitioner contends his testimony would have strengthened his alibi defense and established reasons why the victim's testimony at trial was not credible